FILED
SUPERIOR COURT
OF GUAM

2019 AUG 28 PM 1:31

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM, | CRIMINAL CASE NO. CF0422-19 |
| vs. | DECISION AND ORDER |
| CLARENCE DOONE,<br><br>Defendant. | |

## INTRODUCTION

This matter came before the Honorable Vernon P. Perez on August 26, 2019, for hearing on Defendant Clarence Doone's ("Defendant") Motion and Application for Bail Redetermination Hearing Under 8 G.C.A. § 45.50(a) for Release on Personal Recognizance ("Motion for Bail Redetermination"). Defendant was present with counsel Assistant Alternate Public Defender Brycen Breazeale, and Assistant Attorney General Brendlynn O. Joseph was present on behalf of the People of Guam ("the Government"). In accord with its ruling from the bench on August 26, 2019, the Court now issues the following Decision and Order DENYING Defendant's Motion for Bail Redetermination.

## BACKGROUND

On August 1, 2019, Defendant was indicted with the following charges: (1) Aggravated Assault (As a Third Degree Felony) with attached Special Allegation: Possession or Use of a Deadly Weapon in the Commission of a Felony; (2) Aggravated Assault (As a Third Degree Felony) with attached Special Allegation: Possession or Use of a Deadly Weapon in the

Commission of a Felony; (3) Family Violence (As a Third Degree Felony); and (4) Assault (As a Misdemeanor). These charges stem from allegations that Defendant assaulted his girlfriend multiple times on or about July 23, 2019. (Decl. of Rolland Wimberley, Magistrate's Compl., Jul. 24, 2019). Defendant first pulled the alleged victim's hair causing her to fall to the floor, then got on top of her and punched her in the face and head area. *Id.* Defendant then picked up a bat and struck her in the back. *Id.* Defendant attempted to hit her again, but another individual attempted to intervene and take the bat away. *Id.* Defendant hit that individual, a second alleged victim, in the left rib cage area. *Id.* Defendant then jumped out of the window and began throwing rocks into the room before fleeing the area. *Id.* Officers who responded to the scene observed the first victim with redness and swelling to her head and facial area, bruising on the top of her left eye, redness and bruising to her right triceps area, and welting and redness on the mid part of her back. *Id.* They observed the second victim with redness and welting to her left rib cage area. *Id.*

On August 5, 2019, Defendant filed the instant Motion for Bail Redetermination.[1] Defendant is confined pending the posting of $5,000 cash bail. *See* Commitment Order, Jul. 24, 2019. The Government did not file a response to the Motion for Bail Redetermination.

## DISCUSSION

Defendant moves the Court to release him on personal recognizance as he does not have the means to pay the five thousand dollar ($5,000.00) cash bail. *See generally,* Mot. Bail Redetermination, Aug. 5, 2019.

Under Guam law, the Court must "order the person charged to be released on recognizance, unless the judge determines, in his discretion, on the basis of available information, that such a release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 8 G.C.A. § 40.15(b). Factors for the Court to consider in determining whether Defendant presents a

---

[1] The Motion for Bail Redetermination was filed by Defendant's prior counsel, Public Defender Service Corporation.

*People v. Doone*
Case No. CF0422-19
Decision and Order

substantial risk of nonappearance or is a danger to the safety of any other person or the community include:

(1) the nature of the offense charged, the apparent possibility of conviction and the likely sentence;

(2) the history and characteristics of the person charged, including:

    (i) length of his/her residence on Guam;

    (ii) his/her employment status and history, and financial condition;

    (iii) his/her family ties and relationships;

    (iv) his/her reputation, character and mental and physical condition;

    (v) his/her prior criminal record, if any, including any record of prior release on recognizance or on bail;

    (vi) his/her history relating to drug or alcohol abuse;

    (vii) the identity of the reasonable members of the community who will vouch for his/her reliability;

    (viii) whether at the time of the current offense or arrest, he/she was on probation, on parole or on other release pending trial, sentencing, appeal or completion of sentence of an offense under Federal, state or local law; and

    (ix) his/her history of compliance with other court orders;

(3) the nature and seriousness of the danger the person would pose to the community or to any individual member thereof if released; and

(4) any other factors which bear on the risk of willful failure to appear or the danger the person would pose to the community or to any individual member thereof if released.

8 G.C.A. § 40.15(c).

If the Court finds that release on his or her own recognizance would not assure a defendant's appearance or would present a danger to any other person or the community, the Court may still permit release subject to certain conditions under 8 G.C.A. § 40.20. These conditions include:

(a) placement of the person in the custody of a designated person or organization agreeing to supervise him and to assist him in appearing in Court;

(b) placement of restrictions on the activities, movements, associations and residence of the person;

(c) placement of the person under supervision by means of electronic monitoring, including electronic monitoring with alleged victim stay-away alert technology, if available, and subject to the payment of fees or the exemption of fees, and other rules established by the court for electronic monitoring;

(d) execution of a bond in an amount specified by the judge; such bond in the discretion of the judge to be either unsecured or secured in whole or in part by the deposit of cash or other property, or by the obligation of qualified sureties;

(e) release of the person during working hours, but with the condition that he return to custody at specific times;

(f) require the person charged with family violence or violation of a protective order to undergo a lethality risk assessment or other risk assessments deemed appropriate by the Judiciary of Guam; or

(g) any other condition reasonably necessary to assure appearance as required and the safety of any other person and the community.

8 G.C.A. § 40.20. Under section 40.20, the least onerous conditions shall be imposed to ensure Defendant's appearance as required and the safety of any other person and the community. "Determinations as to bail conditions and amounts are not to be driven by the goal of keeping the accused incarcerated, but should rather be reached in consideration of the only authorized interests, *to wit*, ensuring the appearance of the accused and the safety of others." *People v. Song*, 2011 Guam 19 ¶ 11.

In support of his motion, Defendant offers that he is a nineteen year old FSM citizen who has resided on Guam for most of his life. (Mot. Bail Redetermination at 4). Defendant indicates in his Motion that the alleged victims were "injured unintentionally." *Id.* Defendant further offers that one of the alleged victims is not afraid of him and wants him released, and that he has another residence to stay at if the Court orders him to stay away from the alleged victims. *Id.*

Upon consideration of the 8 G.C.A. § 40.15 factors, the Court is greatly concerned with the safety of the community and Defendant's ability to exert self-control. Defendant is charged with two counts of Aggravated Assault against two different victims resulting in visible physical injuries. *See* Decl. of Rolland Wimberley, Magistrate's Compl., Jul. 24, 2019. Further, the alleged assaults occurred not only with the use of Defendant's fists, but with the use of a bat. *Id.*

Thus, upon the Court's review, Defendant's release only on personal recognizance does not sufficiently allay the Court's concerns regarding the safety of the community. This

decision, however, does not preclude Defendant from requesting release with proposed third-party custodians in the future.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Bail Redetermination. Further Proceedings are set for September 26, 2019 at 9:00 a.m.

**IT IS SO ORDERED,** *nunc pro tunc* to August 26, 2019, this ___**AUG 2 8 2019**___.

SERVICE VIA COURT BOX
I acknowledge that a copy of the
original hereto was placed in the
court box of

*AG & APD*

Date *8/28/19* Time *1:40pm*

Deputy Clerk, Superior Court of Guam.

_____
HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam